**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| SANDRA KLINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 02:10-cv-2076-JPM-tmp |
| | ) | |
| EQUIFAX, INC., SUNTRUST BANK, | ) | |
| and BANK OF AMERICA, N.A., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING IN PART AND GRANTING IN PART
DEFENDANTS' MOTIONS TO DISMISS, OR, IN THE ALTERNATIVE,
MOTION FOR A MORE DEFINITE STATEMENT**

Before the Court are Defendant Bank of America, N.A.'s ("BOA") and Defendant SunTrust Bank's ("SunTrust") Motions to Dismiss for Failure to State a Claim upon which Relief can Be Granted, or, in the Alternative, Motion for a More Definite Statement, filed February 10, 2010 and February 26, 2010 respectively. (Docket Entries ("D.E.") 5, 10.) After the time to respond to Defendants' motions expired, the Court issued an Order to Show Cause on April 9, 2010. (D.E. 19.) Plaintiff responded to the Court's Order on April 13, 2010 and contested Defendants' motions. (D.E. 20.) For the following reasons, the Court DENIES in part and GRANTS in part Defendants' motions.

**I.    Background**

On December 29, 2009, Plaintiff filed Civil Warrant Number 1403238 in the Court of General Sessions of the State of Tennessee in the County of Shelby ("Civil Warrant"), alleging a violation of the Federal Fair Credit Reporting Act and seeking $25,000 in damages.  (D.E. 1-1.)  The Civil Warrant, in pertinent part, states that Plaintiff filed this civil action "for compensatory damages, punitive damages, attorney fees, expenses and court costs due to and resulting from knowing, intentional, malicious and/or negligent violations of the Federal Fair Credit Reporting Act."  (Id.)

On February 3, 2010, Defendant Equifax, with consent from Defendants BOA and SunTrust, filed a Notice of Removal pursuant to 28 U.S.C. §§ 1441, 1446.  (D.E. 1.)  On February 10, 2010 and February 26, 2010, Defendants BOA and SunTrust filed independent motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, motions for a more definite statement pursuant to Rule 12(e).  (D.E. 5, 10.)  Defendants contend that Plaintiff's Civil Warrant should be dismissed because it is "devoid of any factual basis for Plaintiff's request for relief."  (Def. BOA's Mot. to Dismiss 3; Def. SunTrust's Mot. to Dismiss 1 (incorporating Def. BOA's Mot. to Dismiss by reference and adopting the motion in its entirety).)  Defendants argue that the Civil Warrant fails to specify any

2

factual allegations which would entitle Plaintiff to relief and
allow Defendants to prepare a responsive pleading.  (Id.)

On April 9, 2010, after Plaintiff's time to respond to
Defendants' motions had expired, the Court issued an Order to
Show Cause why the motions should not be granted.  (D.E. 19.)
Plaintiff's response to the Show Cause Order contends that
Plaintiff's counsel "unequivocally" plans to file a "more
definite statement," but Defendant has refused to grant a
thirty-day period of time to do so.  (D.E. 20 at 1.)
Plaintiff's counsel states that it will file a more definite
statement before May 20, 2010, the date currently scheduled for
a telephonic hearing on Defendants' motions.  (Id. at 2.)

**II.  Analysis**

In light of Plaintiff's response to the Court's Order to
Show Cause indicating that a more definite statement is
"unequivocally" forthcoming, the Court DENIES Defendants'
Motions to Dismiss for Failure to State a Claim upon which
Relief can be Granted WITH LEAVE TO RENEW after Plaintiff has
had an opportunity to file a more definite statement.

Rule 12(e) permits a party to "move for a more definite
statement of a pleading to which a responsive pleading is
allowed but which is so vague or ambiguous that the party cannot
reasonably prepare a responsive pleading."  Fed. R. Civ. P.
12(e).  If the court orders a more definite statement and "the

3

order is not obeyed . . . within the time the court sets, the court may strike the pleading or issue any other appropriate order." Id. A motion pursuant to Rule 12(e) should not be granted unless the complaint is "so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." EEOC v. FPM Group, Ltd., 657 F. Supp. 2d 957, 966 (E.D. Tenn. 2009) (citation and quotation marks omitted).

Plaintiff's one-sentence allegation in the Civil Warrant does not reveal the transactions or occurrences upon which Plaintiff has based her Federal Fair Credit Reporting Act claim. As a result, any attempt to prepare a meaningful answer may only prejudice Defendants' rights. The Court ORDERS Plaintiff to file a more definite statement that complies with Rules 8(a), 8(d), and 10(b) by May 20, 2010. If Plaintiff fails to comply by such time, the Court may dismiss Plaintiff's cause of action with prejudice for failure to state a claim upon which relief can be granted.

## III. Conclusion

For the foregoing reasons, Defendants' motions are DENIED in part and GRANTED in part.

SO ORDERED this 26th day of April, 2010

/s/ JON PHIPPS McCALLA
CHIEF UNITED STATES DISTRICT JUDGE

4